$150.00

Solange Chadda **JD**
408 south 47th street
Philadelphia,Pa 19143
2154747490
plaintiff pro se

case  04cv3876

vs

QVC,Diane Young,GDMI

**FILED**

AUG 1 3 2004

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

Defendant

THE UNITED STATES DISTRICT COURT OF PENNSYLVANNIA

TRANSFER FROM THE COMMON PLEAS  04-02-01122

TO THE UNITED STATES DISTRICT COURT OF PENNSYLVANNIA

SUPPORTED WITH MOTION AND MEMORANDUM OF LAWS AND

MOTION TO ALLOW A COURT ORDER REGARDING ONE DEFENDANT

WHO REFUSED TO COOPERATE WHEN THE OTHER DEFENDANTS ARE

FULLY COOPERATING.

To all parties and its attorneys



Briefing of the facts

Plaintiff solange chadda got infected by a product bought at qvc.

The Qvc's product was from Diane Young

The Qvc's product was manufactured by GDMI

The damages filed priorly in the common pleas court was not filed properly

In this case and since plaintiff is representing this case pro se,has realized

That the damages filed are not accurate and they will exceed the maximum

Amount that the common pleas court required which is a maximum of

75,ooo dollars.

Plaintiff feels in that action that QVC is also responsible to have put a

Product in the market place,which can harm the American people.

Plaintiff feels in that action that QVC has something to hide to the

Public that's why the only defendant which is not cooperating is

QVC.

Diane young is cooperating fully,and we are in the process to schedule some

Deposition,because the date set for deposition is not convenient for plaintiff

Who needs to be more familiar with the case and also the possibility of

Traveling.

GMI manufacturer after talking to councel is also willing to cooperate fully

To proceed on the discoveries issues involved.

QVC the last defendant is wooried about his quality control departement and is not

Sure if they have done a good job,regarding certains products of Diane Young when

Qvc announced in the air that they have the best quality control and bearly any return

Due to infection done by products which is misleading the public.

Qvc announced on the air that they have fda approval and they have done scientific

Trials when they don't,plaintiff have checked with the FDA,to that matter


The damages in that case are higher that the damages filed in the common pleas court

And higher than the requirement of the common pleas court requires,the damages in

That case including punitive damages are 20 millions of dollars.


Conclusion of Facts

Because the punitive damages are 20 millions of dollars,this case should continue

Its course in the United States District of Pennsylvannia.

Plaintiff is proceeding with discovery in this case with Diane Young and GDMI

Who already cooperate fully in good faith with this case.


Plaintiff will need a court 's order for qvc so qvc can cooperate in good faith

Regarding the deposition of three individuals who are crucial as facts in this

Case:

The qvc personnel which need to be deposed with a court's order are

The buyer of qvc regarding Diane Young 's products :Jeanine Gendrechi

The vice president of marketing of qvc for cosmetics: allan Burcke

The merchandising specialist,one of them:Maria Tumolo of qvc

For the court's proceedings,plaqintiff has sent the notice of deposition to all

The personnels of qvc mentioned above including answers to interrogatories.

With the other defendants is been done in good faith.

I am asking this court to allow qvc to cooperate as well so we don't waste the

Time of this Honorable Court and its Honorable Judge.

This is true and correct

Solange chadda
408 south 47th street
Philadelphia,Pa 19143
August 12 2004

Affidavit of Soalnge Chadda

I solange chadda plaintiff in this action,pro se,resides at 408 south 47th street,

Philadelphia,Pa 19143.

I acknowledge that defendants in good faith such as Diane Young and DGMI


Are so far cooperating fully in good faith,with this case,except the last defen-

Dant QVC who is showing bad faith to the matter.

I am asking this Honorable Court and its Honorable Judge to make defendant's

Qvc to cooperate fully so we don't waste the time of this court.

And I am asking This Court to have a jury during trial proceedings as well,

And after the period of discovery is finished we can have a settlement's

Conference ordered by this Honorable Court and its Honorable Judge,

Between the parties.


This is true and correct


Solange Chadda
408 south 47th street
Philadelphia,Pa 19143
August 12 2004

ORDER

TO PROCEED WITH THE REST OF DISCOVERIES IN THIS HONORABLE

COURT BECAUSE THE PUNITIVE DAMAGES OF 20 millions cannot be

Proceeded in the other court.

THE HONORABLE JUDGE

I thank this Court in adavance

August 12 2004

ORDER


ORDER TO DEPOSE THREE INDIVIDUALS OF QVC WHO ARE CRUCIAL

TO THIS CASE AND ITS PUNITIVE DAMAGES


ORDER TO DEPOSE JEANINE GENDRECHI (BUYER OF QVC COSMETICS
DIANE YOUNG

ORDER TO DEPOSE MARIA TUMOLO MERCHANDISING SPECIALIST

ORDER TO DEPOSE THE VICE OF MARKETING QVC COSMETICS ALLAN
BURCKE


THE HONORABLE JUDGE


August 12 2004

CERTICATION OF MAILING

I,solange chadda certified to have put a copy in the mail to all three defendants in

That matter

Diane Young ,Howard Wishnoff 6 Royal Avenue,Glenside Pa 19038

Qvc c/Ralph Roman                    st 16 Floor 19103

GDMI  524 North Providence Road  Media PA 19063

August 12 2004

# DECLARATION OF SOLANGE CHADDA

I declare this is true and correct

Solange chadda
408 south 47th street
Philadelphia,Pa 19143
Aug 12 2004

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

001122

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| Solange Chadda | Diane Young Products, Inc. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 408 N. 41th Street Phila, PA 19143 | 38 East 57th st New York, NY 10022 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** GDMt, Inc. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** 2763 Marquis Drive Garland, TX 75042 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** Qvc, Inc |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** 1365 Enterprise Drive West Chester, PA 19380 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | ☐ Complaint   ☐ Petition Action   ☐ Notice of Appeal <br> ☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☒ $50,000.00 or less <br> ☐ More than $50,000.00 | ☒ Arbitration <br> ☐ Jury <br> ☐ Non-Jury <br> ☐ Other: | ☐ Mass Tort <br> ☐ Savings Action <br> ☐ Petition | ☐ Commerce <br> ☐ Minor Court Appeal <br> ☐ Statutory Appeals | ☐ Settlement <br> ☐ Minors <br> ☐ W/D/Survival |

CASE TYPE AND CODE (SEE INSTRUCTIONS)

2P - Products liability

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

n/a

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

n/a

| IS CASE SUBJECT TO COORDINATION ORDER? | |
|---|---|
| Yes | No |
| ☐ | ☐ |
| ☐ | ☐ |
| ☐ | ☐ |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| Alan K. Zibelman, Esq | 1500 JFK Blvd, Ste 950 Phila, PA 19102 |
| **PHONE NUMBER** (215) 569-0600    **FAX NUMBER** (215) 567-1998 | |
| **SUPREME COURT IDENTIFICATION NO.** 66993 | **E-MAIL ADDRESS** |
| **SIGNATURE** | **DATE** 2-6-04 |

01-101 (Rev. 2/00)

ZIBELMAN & NERENBERG, P.C.
BY: ALAN R. ZIBELMAN, ESQUIRE
ATTY. I.D. NO.: 66993
Two Penn Center Plaza, Suite 950
1500 JFK Boulevard
Philadelphia, PA 19102
(215) 569-0600

THIS MATTER WILL BE HEARD BY A
BOARD OF ARBITRATORS ON THE
SPECIFIED DATE AND PLACE BUT, IF ONE OR
MORE PARTIES IS NOT PRESENT AT
THE HEARING, THE MATTER
HEARD AT THE SAME TIME
AND DATE BEFORE A JUDGE OF THE
COURT WITHOUT THE ABSENT PART
OR PARTIES. THERE IS NO RIGHT TO
A TRIAL DENOVO OR APPEAL FROM
A DECISION ENTERED BY A JUDGE

**THIS IS AN ARBITRATION MATTER**
**ASSESSMENT OF DAMAGES**
**HEARING IS REQUESTED.**

Attorney for Plaintiff

---

SOLANGE CHADDA
408 N. 47th Street
Philadelphia, PA 19143

v.

DIANE YOUNG PRODUCTS, INC.
38 East 57th Street
New York, NY 10022
        and
GDMI, INC.
2763 Marquis Drive
Garland, TX 75042
        and
QVC, INC.
1365 Enterprise Drive
West Chester, PA 19380

: COURT OF COMMON PLEAS
: PHILADELPHIA COUNTY
:
:
:
:
: FEBRUARY TERM, 2004
:
: DOCKET NO:
:
: **FEBRUARY 2004**
:
:
: **001122**
:
:

USTED ESTA ORDENADO
COMPARECER EN
ARBITRATION HEARING
1601 MARKET STREET, 2ND FLOOR
FIVE PENN CENTER PLAZA
TIME: 2.30
SEP 2 9 2004
Two - Thirty
YOU MUST STILL COMPLY
WITH THE NOTICE BELOW.
USTED TODAVIA DEBE
CUMPLIR CON EL AVISO
PARA DEFENDERSE

**CIVIL ACTION COMPLAINT**
**2P - PRODUCTS LIABILITY**

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY: (215) 451-6197

ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-6333
TTY: (215) 451-6197

**ATTEST**

FEB - 6 2004

**M. CORNAGLIA**

F:\arz\Plead\PA\Chadda complaint.wpd

1. Plaintiff is an adult individual and resides at the above captioned address in the City and County of Philadelphia.

2. Defendant, Diane Young Products, Inc., upon information and belief is a corporation organized and existing under the laws of the State of New York with a principal place of business at the above captioned address and which at all times material was authorized and did conduct business in the Commonwealth of Pennsylvania. Defendant, Diane Young Products, Inc., is in the business of developing, licensing, marketing and/or otherwise offering for sale to the public various creams and anti-aging skin care products. Upon further information and belief, Defendant was at all times material a vendor of co-defendant, QVC, Inc., selling products through its television distribution network and/or was a licensee and/or otherwise had a proprietary interest in the skin care products manufactured by co-defendant, GDMI, Inc.

3. Defendant, GDMI, Inc., upon information and belief is a corporation organized and existing under the laws of the State of Texas which is a manufacturer of cosmetics, lotions, skin creams and other beauty products including but not limited to "Coneflower Eyeline Firmer" otherwise referred to as the Diane Young Six Piece Anti-Aging Skin Care Collection manufactured for or licensed to co-defendant, Diane Young Products, Inc.

4. Defendant, QVC, Inc., is upon information and belief a corporation organized and existing under the laws of the State of Delaware and which is authorized to conduct business in the Commonwealth of Pennsylvania and maintains a principal place of business at the above captioned address. Defendant is in the business of marketing and distribution of various products through its affiliate vendors on its television distribution network and as such is an entity which directly places products into the stream of

commerce. Defendant, QVC, Inc., upon information and belief placed into the stream of commerce 240,000 units of Diane Young Six Piece Anti-Aging Collection from November 1, 2001 through January 2002 recording total gross sales of $6,991.200.00 with each unit priced selling for $24.91 plus $4.22 shipping and handling.

5.      On or about January 16, 2002 Plaintiff ordered item No.: A72535 from QVC identified as "Diane Young Six PC Anti-Aging Skin Care Collection" (order # 2606639824) which on or about that date was shipped to her residence.

6.      On or about July 4, 2002 Plaintiff first used this skin care product which upon information and belief contains extract the Echinacea plant which is a wildflower used by Native Americans for skin benefits and caused adverse reactions, injuries, illness diseases and/or disorders of her skin, eyes and nose.

7.      As a result of Plaintiff's use of this product Plaintiff was caused to suffer physical pain, illness, embarrassment and humiliation, loss of life's pleasures, inability to perform usual and daily activities of living including but not limited to continuing with her employment and was further caused to incur medical expenses for all of which Plaintiff makes claim for damages herein based upon the various causes of action and legal remedies as more fully set forth below.

**COUNT I - NEGLIGENCE**
**PLAINTIFF VS. ALL DEFENDANTS**

8.      Plaintiff incorporates paragraphs 1 through 7 as though fully set forth at length.

9.      At all times material prior to the sale of Diane Young's skin care products on the QVC television network, Defendant's GDMI, Inc., and Diane Young Products, Inc., knew or should have known that the products which it manufactured, licensed and/or

offered for sale to the public was not suitable for its intended purpose where it was reasonably foreseeable that the product would cause adverse reactions and symptoms and injuries such as those suffered by Plaintiff.

10.    Defendant, GDMI, Inc., and Diane Young Products, Inc., were careless and negligent in their failure to conduct thorough research and development, testing clinical studies and to have obtained the necessary and requisite approval from the appropriate governmental authorities.  Defendants are further negligent and careless for failing to avail itself of the potential dangers and illness which the product could foreseeably cause to consumers and further negligence for failing to provide an adequate warning to the consumers of those conditions which it knew or should have known was reasonably foreseeable to occur.

11.    Defendant, QVC, Inc., acted in a negligent and careless manner for failure to request, obtain and/or otherwise conduct any independent investigation and/or research with regard to whether co-defendants had sought and obtained the requisite and necessary government approvals and disregarded its duty owed to its customers to make reasonable inquiries with regard to the safety of the products which it accepted from vendors for sale through its distribution network.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants acting individually, jointly and/or severally for a sum not in excess of $50,000.00.

### COUNT II - PRODUCT/STRICT LIABILITY PURSUANT TO 402(A)
### PLAINTIFF VS. ALL DEFENDANTS

12.    Plaintiff incorporates paragraphs 1 through 11 as though fully set forth at length.

13.    Defendants are engaged in the business of manufacturing, marketing and

selling cosmetics and skin care products which are expected to reach the user or consumer without a substantial change in the condition in which it is sold.

14.     Defendants are strictly liable for damages caused as a result of Plaintiff's injury and illness as a result of the unreasonably dangerous and defective product regardless of whether Defendants have exercised all possible care in the preparation and sale of the product.

**WHEREFORE**, Plaintiff demands judgment against Defendants for a sum not in excess of $50,000.00.

## COUNT III - VIOLATION OF PENNSYLVANIA UNFAIR PRACTICES AND CONSUMER PROTECTION LAW
### PLAINTIFF VS. DEFENDANT, DIANE YOUNG PRODUCTS, INC., AND QVC, INC.

15.     Plaintiff incorporates paragraphs 1 through14  as though fully set forth at length.

16.     Defendants infomercial segments broadcast by QVC makes claims that the Diane Young Skin Care Product purchased by Plaintiff which is the subject of this litigation had obtained approval by the U.S. Food and Drug Administration and that the product was proven to be safe and effective by clinical studies.

17.     At the time Defendants made these statements they knew or should have known that said statements were false and such statements were material in that they were intended and did induce Plaintiff to purchase the product being offered.

18.     Title 73 of the Pennsylvania Statutes §201-2(4) defines unfair methods of competition and its deceptive acts or practices to include;

(ii)     causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or service;

(v)     representing that goods or services have sponsorship, approval,

characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;

(vii)   representing that goods or services are of a particular standard, quality or grade if they are of another;

(xvii) engaging in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding.

19.    As a result of the misrepresentation of Defendants acting individually, jointly and/or severally, Plaintiff seeks treble damages plus attorney's fees and costs of suit.

**WHEREFORE**, Plaintiff demands judgment against Defendants for a sum not in excess of $50,000.00.

## COUNT IV - FAILURE TO WARN-RESTATEMENT (SECOND) OF TORTS §388 PLAINTIFF VS. DIANE YOUNG PRODUCTS, INC.

20.    Plaintiff incorporates paragraphs 1 through19 as though fully set forth at length.

21.    At the time Plaintiff purchased Defendant's product, she had no reason to know of its dangerous condition and Defendants failed to exercise reasonable care to inform Plaintiff of the

dangerous condition of the product or of the facts which could make it likely to be dangerous.

**WHEREFORE**, Plaintiff demands judgment against Defendants for a sum not in excess of $50,000.00.

## COUNT V - RESTATEMENT (SECOND) OF TORTS §395 PLAINTIFF VS. GDMI, INC.

22.    Plaintiff incorporates paragraphs 1 through 21  as though fully set forth at length.

23.    Defendant, GDMI, Inc., was the manufacture of the products marketed and/or licensed and/or sold by Diane Young Products, Inc., on the QVC distribution network.

24.    Defendant failed to exercise reasonable care in the manufacture of the product and should have recognized the unreasonable risk of causing physical harm to those using the product for the purpose for which it was intended and supplied.

**WHEREFORE**, Plaintiff demands judgment against Defendants for a sum not in excess of $50,000.00.

Respectfully Submitted,

By: _____
        Alan R. Zibelman, Esquire
        Attorney for Plaintiff

## VERIFICATION

The averments and allegations of fact made in the foregoing *Civil Action Complaint*

are true and correct to the best of my information and belief.

I understand that false statements therein are made subject to the penalties of 18

Pa.C.S. 4904, relating to unsworn falsification to authorities.

ALAN R. ZIBELMAN, ESQUIRE

Dated: 2/6/04