*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| *SOLANGE CHADDA* | : | *CIVIL ACTION* |
| | : | |
| *vs.* | : | *NO. 04-3876* |
| | : | |
| *DIANE YOUNG PRODUCTS, INC.* | : | |
| *   And* | : | |
| *GDMI, INC.* | : | |
| *   And* | : | |
| *QVC, INC.* | : | |
| *   And* | : | |
| *D'ARCY SKIN CARE* | : | |

### MOTION OF DEFENDANT QVC, INC. TO DISMISS/REMAND PLAINTIFF'S ACTION UNDER RULE 12(b)

*Defendant, QVC, Inc., by and through its attorneys, the Law Offices of Donald F. Borrell, motions this Honorable Court _____ to dismiss and/or remand the above-captioned matter and states:*

*1.     On or about February 12, 2004, plaintiff Solange Chadda by and through her attorney Alan R. Zibelman, Esquire, filed a Civil Action Complaint on products liability grounds in the Philadelphia Court of Common Pleas. See attached Exhibit "A".*

*2.     In that Complaint, plaintiff named Diane Young Products, Inc., GDMI, Inc. and QVC, Inc..*

*3.     In that Complaint, plaintiff alleged that on or about January 16, 2002, plaintiff purchased items identified as "Diane Young Six Piece Anti-Aging Skin Care Collection" and used those items on or about July 4, 2002, suffering adverse reactions as a result of those items containing an extract of Echinacea.*

*4.     On or about May 7, 2004, this motioning defendant answered plaintiff's Complaint denying all material allegations. See attached Exhibit "B".*

*5.     On or about April 19, 2004, original defendant Diane Young Products, Inc., joined additional defendant D'Arcy Skin Care.*

6. As counsel for GDMI, Inc. was about to obtain discovery sanctions precluding the plaintiff from presenting evidence at trial or Arbitration, plaintiff's counsel filed a Substitution of Appearance listing Ms. Chadda as pro se. No Motion to Withdraw was ever filed.

7. Shortly after the filing of that Substitution of Appearance, pro se plaintiff filed what purports to be a Notice of Removal which was docketed by the Philadelphia Court of Common Pleas on or about August 18, 2004. See attached Exhibit "C" (Civil Docket Report) and Exhibit "D" (filings of plaintiff).

8. As a result of that alleged removal, the matter has appeared before this Honorable Court for disposition.

9. This motioning defendant requests that the Court dismiss and/or remand this matter based upon the improper removal of the matter to Federal Court.

10. Pursuant to the provisions of the removal statute, 28, U.S.C.A. Section 1441(a), only defendants are permitted to remove matters from State Court to Federal Court.

11. Obviously, this matter was initially filed by plaintiff through her counsel in the Court of Common Pleas of Philadelphia County, plaintiff's choice of forum.

12. Additionally, upon the filing of that matter it was listed as a Philadelphia Court of Common Pleas Arbitration with a maximum recovery of $50,000.00.

13. Therefore, although potentially, the defendants could have removed the matter from a citizenship standpoint, the jurisdictional amount was not met as a Philadelphia Court of Common Pleas Arbitration.

14. Additionally, even if plaintiff were permitted to remove this matter to Federal Court, it was not done within the time limits prescribed under Section 1446(b), nor was leave of Court or any excuse offered for the failure to remove within that time limitation.

WHEREFORE, pursuant to the terms of Pennsylvania Rule of Civil Procedure 12(b)(1) and (6), this motioning defendant, QVC, Inc., requests this Honorable Court to dismiss this matter based upon plaintiff's improper removal or in the alternative remand this matter back to the Philadelphia Court of Common Pleas.

    Respectfully submitted,

BY: _____
GEORGE T. McCOOL, JR., ESQUIRE
Attorney for Defendant, QVC, Inc.
Law Offices of Donald F. Borrell
Four Sentry Parkway, Suite 100
Blue Bell, PA  19422
Pa. ID No. 43473
George_McCool@PMAGroup.com
484-530-3672
484-530-3682 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOLANGE CHADDA | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. 04-3876 |
| | : | |
| DIANE YOUNG PRODUCTS, INC. | : | |
| And | : | |
| GDMI, INC. | : | |
| And | : | |
| QVC, INC. | : | |
| And | : | |
| D'ARCY SKIN CARE | : | |

## CERTIFICATE OF SERVICE

I, George T. McCool, Jr., Esquire, attorney for defendant QVC, Inc., hereby certifies that he caused a copy of the within document to be served upon the parties named below by United States, first-class mail, postage prepaid.

| | |
|---|---|
| Alan R. Zibelman, Esquire<br>Zibelman & Nerenberg, P.C.<br>Two Penn Center Plaza, Suite 950<br>1500 JFK Boulevard<br>Philadelphia, PA  19102 | Ralph P. Bocchino, Esquire<br>1845 Walnut Street<br>Philadelphia, PA  19103 |
| W. Kelly McWilliams, Esquire<br>Gibley & McWilliams, P.C.<br>524 Providence Road<br>P.O. Box 1107<br>Media, PA  19063 | Howard Wishnoff, Esquire<br>Donna Adelsberger & Assoc., P.C.<br>6 Royal Avenue<br>P.O. Box 530<br>Glenside, PA  19038-0530 |
| Solange Chadda<br>408 South 47th Street<br>Philadelphia, PA  19143 | The Honorable Michael M. Baylson<br>Room 3810, United States Courthouse<br>601 Market Street<br>Philadelphia, PA  19106 |

LAW OFFICES DONALD F. BORRELL

BY: _____
GEORGE T. McCOOL, JR., ESQUIRE
*Attorney for Defendant*

DATE:_____

## *V E R I F I C A T I O N*

*GEORGE T. McCOOL, JR., ESQUIRE hereby states that he is the attorney in this action and verifies that the statements made in the foregoing pleadings are true and correct to the best of his knowledge, information and belief.*

_____
*GEORGE T. McCOOL, JR., ESQUIRE*

*DATE: _____*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOLANGE CHADDA | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. 04-3876 |
| | : | |
| DIANE YOUNG PRODUCTS, INC. | : | |
|     And | : | |
| GDMI, INC. | : | |
|     And | : | |
| QVC, INC. | : | |
|     And | : | |
| D'ARCY SKIN CARE | : | |

### BRIEF IN SUPPORT OF QVC, INC.'S MOTION TO DISMISS/REMAND UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)

Defendant, QVC, Inc., by and through its attorneys, the Law Offices of Donald Borrell submits the following Brief in support of its Motion to Dismiss and states:

### A. PROCEDURAL STATUS:

This matter appears before this Honorable Court as a result of a Notice of Removal filed by pro se plaintiff. The matter was originally venued in the Philadelphia Court of Common Pleas under case number February Term, 2004; No. 01122. That matter had been filed as an Arbitration matter with an amount at issue not in excess of $50,000.00 and was scheduled for Arbitration on September 21, 2004.

As a result of plaintiff's failure to respond to written discovery, counsel for GDMI, Inc. was in the process of obtaining a discovery sanction order which would mandate preclusion of plaintiff from presenting any evidence at trial or Arbitration. Prior to the entry of this Order, counsel for plaintiff filed a Substitution of Appearance with plaintiff listed pro se as the substituting counsel. Shortly after that filing, pro se plaintiff filed what has been interpreted as a Notice of Removal to the U.S. District Court under case number 04-CV-3876. It should be noted that the party filing the removal was not a defendant and that the removal was filed over six months after the filing of the original action.

B.   **ISSUE:**

**Can plaintiff file a Notice of Removal and/or can any party file a Notice of Removal after the time limits proscribed by 28 U.S.C. Section 1446(b)?**

**ANSWER:**   The Court should answer no on both counts and dismiss and/or remand this matter.

C.   **ARGUMENT:**

As previously stated, this matter had been listed as a Philadelphia Court of Common Pleas matter for almost six months prior to the Notice of Removal filed by pro se plaintiff. As the Court of Common Pleas was about to entertain discovery orders for sanctions including preclusion of the presentation of evidence, pro se plaintiff filed this Notice of Removal.

Initially, pursuant to the terms of 28 U.S.C. Section 1441(a), only a defendant can remove a matter to Federal Court. Smith v. St. Luke's Hospital, D.C.S.D., 480 F.Sup. 58 (1979 D.C.S.D.); Reiter Oldsmobile, Inc. v. General Motors Corp., 477 F.Sup. 125 (1979 D.C. Mass.).

Additionally, even if plaintiff could remove the action, removal proceedings were not begun until over six months after the commencement of the action. Pursuant to the terms of Section 1446(b), removal must be accomplished within thirty (30) days of service of process. Removal some six and a half months after the commencement of the action, with no allegation of Federal question jurisdiction, no excuse for the delay in filing a request for removal, must result in dismissal and/or remand.

D.   **CONCLUSIONS:**

For the foregoing reasons, this motioning defendant, QVC, Inc., requests this Honorable

*Court to dismiss this action or in the alternative to remand the matter back to the Philadelphia Court of Common Pleas.*

*Respectfully submitted,*

*BY: _____*
*GEORGE T. McCOOL, JR., ESQUIRE*
*Attorney for Defendant*
*QVC, Inc.*

*DATE:_____*

| | |
|---|---|
| Filename: | motionfederal.doc |
| Directory: | C:\Documents and Settings\admin\Desktop |
| Template: | C:\Documents and Settings\admin\Application Data\Microsoft\Templates\Normal.dot |
| Title: | |
| Subject: | |
| Author: | pma |
| Keywords: | |
| Comments: | |
| Creation Date: | 8/31/2004 1:35 PM |
| Change Number: | 7 |
| Last Saved On: | 9/7/2004 10:19 AM |
| Last Saved By: | George McCool |
| Total Editing Time: | 56 Minutes |
| Last Printed On: | 9/7/2004 11:12 AM |
| As of Last Complete Printing | |
|    Number of Pages: | 8 |
|    Number of Words: | 1,384 (approx.) |
|    Number of Characters: | 7,893 (approx.) |